FOURNET, Justice.
 

 Plaintiff, Alfred J. Ayala, filed suit against his wife, Minerva Kunkel Ayala,
 
 *509
 
 for a divorce, based upon the provisions of Act No. 31 of 1932, amending Act No. 269 of 1916, alleging that they had been living separate and apart continuously for a period of four years. The wife answered, denying the allegations of the petition, and averring that her husband cohabited with her during that period and visited her constantly, citing thirteen dates as interruptions during the year 1932. The lower court rendered judgment in favor of the plaintiff, whereupon defendant filed a motion for a new trial which was denied, and she has appealed.
 

 The record shows that plaintiff and his wife became estranged in November, 1917. Defendant brought proceedings against her husband to have him pay alimony, which he was ordered to pay, but from lack of employment and earning capacity he was unable to keep up the payments. On several occasions she had him brought before the courts to answer for his failures to pay the alimony, and at one time he was placed in jail. Plaintiff visited his wife in the daytime and at the home of his wife’s parents, where she lived, and on these visits there were other people in the same room with them.
 

 Plaintiff contends that the sole purpose of his visits to the home of his mother-in-law was to plead with his wife to be lenient with him on account of his inability to pay the alimony.
 

 Defendant, on the .other hand, testified that when her husband visited at her mother’s home on the alleged occasions, even though her parents might have been present, she and her husband retired to her bedroom on the second floor of the house, and there cohabited as man and wife, and that she was led to believe that her husband would return to her, all of which plaintiff vigorously denied.
 

 Counsel barely referred to his client’s testimony with reference to their cohabitation; but he urged and seriously argued that, within the meaning and contemplation of Act No. 31 -of 1932, the living separate and apart is interrupted when the husband visits his wife at her place of residence, regardless of the circumstances and conditions under which they meet. We do not agree with counsel’s theory. On the contrary, we believe that it is to the best interest of society and the parties concerned that estranged spouses be encouraged to continue their friendly relations and thereby increase the probability of a reconciliation.
 

 We are of the opinion that the trial judge, who saw and heard the witnesses, was in a better position than we are to appreciate the weight to be given to their testimony, and from our examination of the evidence, we do not think he erred. The judgment of the lower court is, therefore, affirmed.